**Bashkim CANAJ, Petitioner,**

**v.**

**Alberto GONZALES,\* Respondent.**

**Docket No. 03–40869–AG.**

United States Court of Appeals,
Second Circuit.

Sept. 6, 2005.

Aleksander Milch, Christophe & Associates, P.C. (Michael Lehach), New York, NY, for Petitioner, of counsel.

Christian R. Larsen, Assistant United States Attorney for the Eastern District of Wisconsin (Steven M. Biskupic, United States Attorney, Milwaukee, WI), for Respondent, of counsel.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Attorney General Alberto Gonzales for former Attorney General John Ashcroft as the respondent in this case.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Bashkim Canaj, a citizen of Albania, petitions for review of an October 20, 2003, Board of Immigration Appeals ("BIA") decision summarily affirming an Immigration Judge's ("IJ") decision of May 4, 2001, denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT").

Because the BIA summarily affirmed the decision of the IJ, this Court reviews the decision of the IJ directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). "In reviewing asylum determinations, we defer to the factual findings of the BIA and the IJ if they are supported by substantial evidence." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004) (citing *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam)). Under this standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhou Yun Zhang*, 386 F.3d at 73 (internal citation omitted). "[O]ur review is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Id.* at 74.

The IJ denied Canaj's application for asylum, withholding of removal, and CAT relief based on his finding that Canaj "is completely lacking in credibility." Although the IJ acknowledged that Canaj's testimony and asylum application were consistent "[i]n many respects"—including the dates that he participated in protests or was allegedly persecuted by police—the IJ nonetheless found "fundamental inconsistencies of such depth as it relates to certain events that [it] cannot possibly find that [Canaj] is credible."

Under the exceedingly narrow level of inquiry that is permitted to this Court in reviewing this petition, we conclude that substantial evidence supports the IJ's determination. The inconsistencies identified by the IJ find sufficient support in the record to prevent us from concluding that a reasonable factfinder would be compelled to find Canaj credible.

For example, in his testimony, Canaj stated that his three children were staying with his parents, about half an hour away, on the night on which his home was allegedly bombed by supporters of the Socialist Party. Canaj's written application, on the other hand, states that the explosion injured him and his wife, and "broke[ ] everything fragile in [his] house even the screen of [his] television set. At that moment [his] father suffered a heart attack but was saved by a neighbor physician who revived him using the electroshock by two wires connected right to the fuses." The IJ noted that the apparent inconsistency between Canaj's testimony and his written application was "a key element" in the IJ's conclusion that Canaj "lacked any credibility whatsoever."

Similarly, the IJ correctly noted a discrepancy between Canaj's testimony and his written asylum application regarding an injury allegedly sustained by his wife during Canaj's arrest in 1999, and an inconsistency between Canaj's testimony and a letter provided by his wife as to the injury Canaj suffered during the afore-

mentioned alleged bombing of his home. Substantial evidence therefore supports the IJ's determination that Canaj lacked credibility, and is ineligible for asylum or withholding of removal.

Because Canaj did not appeal the IJ's denial of his claim for relief pursuant to CAT, we do not have jurisdiction to consider it. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.